Turley, J.
delivered the opinion of the court.
This case was before the court on appeal in error from the* Gibson circuit court at a former term, and was then reversed and remanded tor a new trial. In the opinion then delivered by Judge Green it is stated “that it appeared in evidence that the land in controversy was levied on as the property of the plaintiff, Wood, by virtue of a judgment and execution against him, and was sold by the sheriff on the 4th day of November, 1843, and purchased by H. B. Hoover. The sheriff executed a deed to Hoover on the 5th day of November, 1845, and Hoover conveyed to the defendant, Turner, on the 6th.— There was no evidence that the plaintiff, Wood, was in pos-sesion of the land at the time of levy and sale to Hoover.”
“The plaintiff proved that the defendant rented the land from him in 1844 and 1845, that he went into possession thereof as his tenant in 1844, and so continued in 1845.”
“Upon which the circuit judge charged the jury, that the judgment, levy, sale, and sheriff’s deed, dissolved the relation *687 of landlord and tenant previously existing between the plaintiff and the. defendant from and after the execution of the deed by the sheriff to Hoover, the purchaser at the execution sale, and that from that time the defendant became by operation of ,Iaw, the tenant of-Hoover, and it was his duty to attorn to him.” In this direction, in the judgment of the court, the circuit judge erred, “because,” says the judge in continuance “the deed of the sheriff did not take effect at its date, but related to the sale, and vested in Hoover a legal title from that period. It could not therefore affect the relation between the plaintiff and the defendant, which had been entered into after the sale.”
“It is true, that a party whose land is sold by execution against him while he is in possession of the premises, is held to be a quasi tenant- of the purchaser, and cannot dispute his title; but here there is no evidence that Wood was in possession at the time of the sale. After the sale, he rented the land to Turner, and while Turner is thus in possession, he takes a title from Hoover, and refuses to deliver possession to Wood. It is therefore a simple question, whether a tenant can be permitted to buy up an outstanding title, and thereby protect himself against his landlord. This, it is admitted, cannot be done; good faith requires that he should surrender the possession to the party from whom he received it, , and whose title he ac-lcnowledged by consenting to -hold under him. The ground assumed by his honoi’, that the sheriff’s deed operated to transfer the right of possession to the purchaser at its date, and not at the date of the sale, cannot be maintained.” At the March term, 1848, of the circuit court for the county of Gibson, the case was again submitted to a jury, and upon the trial it was proved, in addition to what had been proven on the former trial, that the plaintiff, Wood, was in the possession of the premises in controversy at the time of the sale to Hoover, and this constitutes all the difference between the case as presented on the *688 first trial and the second; and upon this state of the facts, the circuit judge charged the jury “that if the plaintiff was in possession at the date of the sheriff’s levy and sale of said land, he became the tenant of Hoover, that when he leased said premises to said defendant, he, Turner, became the sub-tenant of said Hoover, and as such might lawfully buy the title of said Hoover, and after purchasing the same, he might lawfully hold possession for himself and against said plaintiff, Wood, and that this would not be purchasing an out-standing title.” Upon this charge, the jury returned a verdict for the defendant, upon which there was judgment, and thereupon the plaintiff again prosecutes an appeal in error to this court.
This charge of the circuit judge, we consider to be erroneous. It seems to be based upon the ground, that the only reason for which the previous judgment in .the cause was reversed in this court, was, that there was no proof that the plaintiff, Wood, was in the possession of the premises at the date of the sheriff’s levy and sale thereof to Hoover; which having been supplied, cured the previous error, and warranted the rendition of a judgment similar to. the first against the plaintiff. If such were the construction of the opinion, it is obviously a misapprehension of its true import and meaning, for the case is certainly determined upon much broader grounds; in reality upon the very ground upon which it now turns. It is true, there being no proof of such possession on the part of the plaintiff at the date of the sale, it was held that it could not possibly affect the relation of landlord and tenant subsisting between him and defendant created by the lease; but it is also held “that the deed of the sheriff to Hoover did not take effect at its date, but related to the date of the sale, and vested in him a legal title from that time, and that it could not therefore affect the relation between the plaintiff and the defendant, which had been entered into after the sale;” the plain construction of which is, that though it had been proven that the *689 plaintiff was in possessioft at the date of the sale to Hoover, yet still, inasmuch as the lease from the plaintiff to the defendant was made after such sale; and inasmuch as the deed of the sheriff to Hoover operated by relation to convey to him the legal title, from the date of the sale, and not merely from the date of the deed, the plaintiff in making the lease, was not acting as the tenant of Hoover, but in his own right, that the lease operated as a disseizin of Hoover’s title, that of consequence the defendant was in possession under the plaintiff, and adversely to Hoover, and therefore could not,protect himself by Hoover’s title. And all this necessarily results from the relation in which a person in possession is held to stand to the purchaser of the premises under a judgment and execution against him: he is not the tenant, but quasi tenant of the purchaser, as is determined in the opinion under consideration. Now what restrictions are imposed by such a tenancy? He is estopped from requiring the plaintiff in ejectment to ’show a connected legal title. In the case, of Kimbrough vs. Benton, determined at Jackson in 1834, reported in 3rd Hum. 129, it is held, that it is a well settled principle of law, that in an action of ejectment the plaintiff must make out a connected legal title, and show that he has an estate and the present right of possession, but to this there is one exception; a sheriff’s deed, sustained by judgment, execution and sale, will authorize a verdict and judgment aginst the execution debtor in possession at the time of the levy and sale, upon the presumption that the debtor had a legal estate, subject to levy and sale — and this is as far as has been gone upon this subject, and is what is meant by a quasi tenancy in such cases, that is, that the relation partakes so much of the- character of landlord and tenant as to estop the defendant in possession from controverting the title of the plaintiff in ejectment, by requiring him to produce any other evidence of title than proof of his, the defendant’s possession, a judgment and execution *690 against him, a sale and purchase thereon, and a deed from the sheriff. But he is not estopped as is expressly held in said case of Kimbrough against Benton, from showing that the defendant had no estate on which the lien of a judgment and execution could attach; for otherwise, as is there said, a purchaser under execution could turn out the defendant holding by virtue of a title bond or by force of an occupant claim, or as a naked trespasser upon the land of another, when po interest was or could be acquired by the purchaser, and when an entry on the premises recovered would be a trespass in the sheriff who executed the writ of possession. Further than this case goes, the courts of this state have never gone upon this subject, and this is what is meant always when this kind of relation is characterized as a quasi tenancy. To extend it as far as the circuit judge has done in this case, would make it an absolute tenancy, and cause it to operate as a complete estoppel upon the tenant. In fact, the judge calls it a tenancy, and not a quasi tenancy, and says that the defendant would, under the proof, be a sublessee of Hoover. This is clearly a mistake. The courts, for want of a term to express in a few words the nature of this relation, have used that of quasi tenancy, meaning thereby to show that it is not a tenancy, for if it were, there would be an end of any difficulty upon the subject, and no necessity of any other term than tenancy. Then the person in possession of lands sold by virtue of a judgment and execution against himself, when an action of ejectment is brought to turn him out of possession, can require no further evidence of plaintiff’s title, than the judgment against himself, an execution and sale thereon, and a deed of conveyance from the sheriff; he is thus far quasi the tenant of the plaintiff; if he had been the tenant) he could have been turned out of possession upon proof of the lease, and that its term had expired, because he is estopped from controverting the title of his landlord, unless this relation *691 has heen terminated either by the act, of landlord or by the operation of law. We have entered into this examination, because it has been made necessary by the view taken of the case by the circuit court. But this is not a suit between the purchaser at execution sale and the defendant in the execution. If Hoover were the plaintiff in an action of ejectment against Wood, under the proof as contained in this record, we would hold that he would be entitled to recover upon the principles determined in the case of Kimbrough against Benton.
But this is an action of forcible detainer, brought to recover the possession of the premises leased by the plaintiff, Wood, to the defendant, Turner; the proof is clear that the lease was made, and that Turner entered into possession under it, ajid that the lease was made after the sale under the execution and judgment against Wood to Hoover, and that it has expired. There is no pretence for holding that the relation of landlord and tenant created between the plaintiff and defendant by the lease, was affected by this sale.-
It is true, that if one make a lease and afterwards convey his estate to another, he has dissolved by his own act the relation subsisting between him and his tenant, and cannot after-wards turn him out of possession by virtue of the relation created by the lease, but the tenant may defend himself by showing title in the vendee of his previous landlord, under whom he entered into possession, and so it unquestionably is, when after the lease the landlord’s estate is sold by execution on a judgment against him, and conveyed by the law to another; for the relation of the landlord and tenant has been dissolved by operation of law, which is as effectual as if it had been by the act of the landlord himself. But as we have seen that is not this case; for the relation of landlord and tenant •commenced between the parties by lease after the sale to Hoover, and this relation has not been dissolved either by the *692 act of the plaintiff, or by operation of law since; but it is still subsisting, and the case still stands as it did before in this court, pfesenting as was then said, the simple question whether a tenant can be permitted to buy up an outstanding title, and thereby protect himself against his landlord, which we now, as then, hold he cannot do.
Let the judgment of the circuit court be again reversed, and the cause remanded for another trial.